806

### WALSH v. JOHNSTON, Warden.

### No. 9562.

Circuit Court of Appeals, Ninth Circuit.

Nov. 27, 1940.

W. Bruce Beckley, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

Heretofore, the appellant, while in the custody of the warden of the United States Penitentiary at McNeil Island, Washington, filed a petition for writ of habeas corpus alleging that the murder for which he was convicted occurred outside the jurisdiction of the United States District Court for the Southern District of California wherein he was convicted and, consequently, that the judgment was void. This court sustained the decision of the United States District Court for the Western District of Washington dismissing his petition upon the ground that the jurisdictional question had been settled in the court which had sentenced him and could not be raised by the petition for the writ of habeas corpus. Walsh v. Archer, 9 Cir., 73 F.2d 197. Our decision was cited with approval by the Supreme Court in Bowen v. Johnston, 306 U.S. 19, 25, 59 S.Ct. 442, 83 L.Ed. 455. The appellant, having been transferred to the custody of the respondent at Alcatraz, within the jurisdiction of the United States District Court for the Northern District of California, filed in that court a new petition for writ of habeas corpus based upon the same jurisdictional question which had been decided by this court adversely to his contention.

He contended that a new situation has arisen justifying this new application because the Supreme Court of the State of California in People v. Stralla, 14 Cal.2d 617, 96 P.2d 941, had held that the state of California has criminal jurisdiction within the bays of the sea within the state and particularly within the Bay of Santa Monica there involved. Petitioner contended that this assertion of jurisdiction by the highest court of the state raises a conflict of jurisdiction between the claims of the state and of the United States with reference to the Bay of San Pedro here involved which justifies the reconsideration of the jurisdictional question. The District Court denied the application and petitioner took this appeal.

Petitioner cites as authority for the proposition he advances the recent decision of the Supreme Court of the United States in Bowen v. Johnston, supra, wherein that court considered upon habeas corpus the question of the jurisdiction of the United States over a national park located within the state of Georgia.

The Supreme Court in that case was dealing with the jurisdictional question which appeared upon the face of the indictment charging the offense. In the case at bar the indictment charged the offense was committed upon the high seas within the jurisdiction of the United States District Court for the Southern District of California and outside the jurisdiction of the state. See statement, Walsh v. Archer, 9 Cir., 73 F.2d 197, supra. Petitioner's claim is that the fact was otherwise; that the vessel upon which the murder was committed was within the Bay of San Pedro. The location of the vessel upon which the crime occurred was determined adversely to the appellant's claim in the criminal case wherein he was convicted, Walsh v. Archer, 9 Cir., 73 F.2d 197, supra, and cannot again be consid-

ered upon habeas corpus. Bowen v. Johnston, supra; Walsh v. Archer, 9 Cir., 73 F.2d 197, supra. The distinction between the situation in the case of Bowen v. Johnston, and the case at bar is pointed out by the Supreme Court in its decision in Bowen v. Johnston, supra, at page 25 of 306 U.S., 59 S.Ct. 442, 83 L.Ed. 455 and, consequently, need not be further elaborated.

Order affirmed.