**WILHOIT v. HIATT, Warden.**

**No. 184.**

District Court, M. D. Pennsylvania.

May 16, 1945.

Petitioner, per se.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for William H. Hiatt, Warden.

JOHNSON, District Judge.

The petition for writ of habeas corpus in this case was previously considered by this court which, in an order thereon pointing out the insufficiency of the petition, allowed the petitioner ten days to amend. An amendment has now been filed, which attempts to supply details in connection with the questions raised. The petitioner alleges that he was convicted and sentenced on three counts on an indictment charging violations, respectively, of 398, 399 and 400 of Title 18 United States Code Annotated, and was sentenced five years on count one and seven and one half years on count three, sentences on the first and third counts to run concurrently, and on count two a five year sentence which was suspended and petitioner was placed on probation for three years. He does not contend that he has served the seven and one half year sentence. His contention is that he has been sentenced three times for the same offense and that this would be double jeopardy.

So far as the suspended sentence is concerned, this is not a proper subject for a proceeding in habeas corpus. As to the sentences on the other two counts, they are concurrent and a possible invalidity of one of the two counts, on the contention of double jeopardy, would therefore not affect the legality of the restraint and con-

sequently for the same reason would not be considered in a habeas corpus proceeding. Knight v. Hudspeth, 10 Cir., 112 F.2d 137; certiorari denied 311 U.S. 681, 61 S.Ct. 62, 85 L.Ed. 439; McNally v. Hill 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Roberts v. Hunter, 10 Cir., 140 F.2d 38.

■ In any event, the allegation that there cannot be separate sentences under 18 U.S.C.A. §§ 398, 399 and 400 is without merit. Sections 398, 399 and 400 define separate and distinct offenses. Kavalain v. White, 10 Cir., 44 F.2d 49; United States v. Saledonis, 2 Cir., 93 F.2d 302; Sink v. Cox, 8 Cir., 142 F.2d 917.

The petitioner bases his contention on the case of Holiday v. Johnston, 313 U.S. 342, 61 S.Ct..1015, 85 L.Ed. 1392, and the related cases dealing with the bank robbery statute —12 U.S.C.A. § 588b. These decisions are not in point. Under the bank robbery statute, Section 588b(b) is the same offense described in 588b(a) aggravated by the use of a deadly weapon and with a provision for a greater penalty for the additional aggravation. That is not the situation in connection with the Mann White Slave Act. Lockhart v. United States, 6 Cir., 136 F.2d 122.

■ The case of Holiday v. Johnston, supra, is moreover an authority against the petitioner's seeking relief on the ground of double jeopardy, even though the sentences had been consecutive rather than concurrent as in the instant case. The Supreme Court there said [313 U.S. 342, 61 S.Ct. 1017]:

"The erroneous imposition of two sentences for a single offense of which the accused has been convicted, or as to which he has pleaded guilty, does not constitute double jeopardy. And if, as the petitioner contends, the first sentence of ten years is valid and the second void, he is no better off. Conceding, without deciding, that he is right in saying the first sentence is the only valid one, he has not served that sentence and is not entitled now to be discharged from custody under it. He urges that if the second sentence is adjudged void he will not be entitled to apply for parole under the first. But we have recently decided that habeas corpus cannot be awarded to afford a prisoner such an opportunity. (McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238)."

■ Petitioner also seeks relief on the ground of perjury upon the part of the government witness, alleging that in connection with testimony at the trial the witness testified that statements made before a United States Commissioner prior thereto were false. It is common knowledge that witnesses frequently change their stories and even change them in the course of the trial and that frequently during the course of the trial, under cross-examination, a witness' story becomes changed; but where all these matters are before a jury in the trial of a case there is no concealed perjury. One of the purposes of a trial by jury is an attempt to arrive at facts and to decide which of the conflicting statements constitutes the truth. According to the petitioner's allegations in the instant case, a witness testified before the United States Commissioner and later at the trial that witness testified differently, and at that time stated that the testimony before the United States Commissioner was false. It is quite evident therefore from the allegations of the petitioner that the facts were before the trial court. The situation therefore does not and cannot fall within the doctrine which he is attempting to invoke; namely, that the prosecution has contrived a conviction through the pretense of a trial which in truth was but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured, which was the situation involved in Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. The mere fact that a witness has committed perjury in the trial of a case is not in itself a basis for habeas corpus. Hodge v. Huff, 78 U.S.App.D.C. 329, 140 F. 2d 686; certiorari denied 322 U.S. 733, 64 S.Ct. 946, 88 L.Ed. 1567; Long v. Benson, 6 Cir., 140 F.2d 195. The petitioner's allegations now before us refer to two contradictory statements of a witness, both of which were before the court and jury and as to which it was the province of the jury to determine the truth. There was, by his own averment, no deliberate deception and suppression by the prosecution.

■ Petitioner further alleges that at his trial the wife of the co-defendant testified against her husband and that such testimony was incompetent. The petition shows that the witness referred to was the subject of the prostitution and debauchery in the instant case. Under such circumstances her testimony would have been admissible even as against her husband. United States v. Mitchell, 2 Cir., 137 F.2d 1006. Whether the testimony of the wife of a co-defendant

was, under the circumstances in this particular case, competent, is in any event, a question of the competency of the evidence adduced at the trial, which is not reviewable on habeas corpus. Moore v. Aderhold, 10 Cir., 108 F.2d 729; Burall v. Johnson, 9 Cir., 134 F.2d 614; certiorari denied 319 U.S. 768, 63 S.Ct. 1327, 87 L.Ed. 1717; Rehearing denied 320 U.S. 810, 64 S.Ct. 30, 88 L.Ed. 490; Rehearing denied 320 U.S. 812, 64 S.Ct. 187, 88 L.Ed. 490.

■■■ The question is one of evidence and does not involve a deprivation of a constitutional right affecting due process of law. Funk v. United States 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136. The petitioner seeks to review the evidence at his trial as bearing upon the question of his guilt or innocence. This was a problem for the jury at the time of trial and is not a proper subject of habeas corpus. Vicoretti v. Hill, D.C., 18 F.Supp. 337, affirmed, 3 Cir., 107 F.2d 1023. He further contends that the trial court was without jurisdiction, namely that the crime with which he was charged was not committed in that district. He was tried in the northern district of Tennessee. He alleges that there was not one continuous trip, but two trips; one from Tennessee to Michigan and one from Michigan to Illinois. Petitioner has not attached to the pleadings a copy of the material allegations of the indictment in this respect, but this is immaterial as the question is not a proper one for consideration in this court. Walsh v. Johnston, 9 Cir., 115 F.2d 806.

The petition for a writ of habeas corpus is dismissed and the writ is denied.