reme Court has reversed the Tax Court on an issue not presented below and advanced by the Commissioner for the first time on appeal. Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037. In Helvering v. Mountain Producers Corp., the Supreme Court in overruling two of its prior tax decisions stated of the "conclusion" on which they were based, "In the light of the expanding needs of state and nation, the inquiry has been pressed whether this conclusion has adequate basis; * * *." Helvering v. Mountain Producers Corp., 303 U.S. 376, 384, 58 S.Ct. 623, 626, 82 L.Ed. 907. Certainly the expanding needs for revenue of State and Nation have not declined since this decision.

The case was tried on the testimony of witnesses heard by the Tax Court's judge. Since it is the intent of Congress that such an issue of fact should be first determined by the Tax Court, we reverse its final determination that the shares be not included in the decedent's estate and remand the case to that court with instructions to make such determination. Diller v. Commissioner, 9 Cir., 91 F.2d 194, 195 and cases cited.

Reversed and remanded.

Charles Telfian, in pro. per.

J. Ellis Mundy, U. S. Atty., Joel B. Mallet and F. Douglas King, Asst. U. S. Atty., all of Atlanta, Ga., for appellee.

Before HUTCHENSON, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

The record leaves in no doubt that appellant's petition attacks the judgment under which he was convicted and is serving sentence not upon jurisdictional grounds but upon the ground that the evidence upon which it was rendered did not support it. A writ of habeas corpus cannot try the sufficiency of the evidence to support a judgment of conviction. The district judge was right in dismissing the application. His judgment is affirmed.

## TELFIAN v. SANFORD.

No. 11960.

Circuit Court of Appeals, Fifth Circuit.

May 16, 1947.

Rehearing Denied June 9, 1947.

## WILSON v. COMMISSIONER OF INTERNAL REVENUE.

No. 5575.

Circuit Court of Appeals, Fourth Circuit.

May 1, 1947.

