## DECATUR v. HIATT.
### No. 13132.

United States Court of Appeals
Fifth Circuit.

Oct. 20, 1950.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

PER CURIAM.

In his petition for habeas corpus for release from confinement, appellant alleged that he had applied by motion for relief under Sec. 2255, 28 U.S.C.A., but he did not show that he had prosecuted the motion with effect. Neither did he show that such remedy by motion was "inadequate or ineffective to test the legality of his detention". Notwithstanding this failure and the fact that the record showed that the motion under Sec. 2255 had been denied, the district judge entertained his petition and heard and considered his claim that he was entitled to release on habeas corpus because his plea of guilty had been induced by the threat that he would be prosecuted for making his escape from and assaulting officers unless he entered a plea of guilty.

The hearing ended, the district judge, concluding that petitioner was not entitled to the relief prayed, denied his petition, and he has appealed.

In view of the denial of appellant's motion for relief under Sec. 2255 and of the failure of the record to show that the remedy by motion was "inadequate or ineffective to test the legality of his detention", we could properly affirm the judgment without further inquiry. Since, however, the district judge did in fact entertain the petition, we have concluded to consider the appeal on its merits. So considering it, we are left in no doubt that the evidence shows no more than that petitioner, with the aid and assistance of counsel and without complaining to the judge of the threats he now complains of, preferred entering his plea of guilty to trying the case on a plea of not guilty and also standing prosecution on the other charge which, because of his plea of guilty, was not pressed against him.

This being so, and it not being made to appear that the charges against him were falsely laid, we think it cannot be contended that the entry of his plea of guilty was made under such circumstances as to de-

Oliver Lee Decatur, in pro. per.

J. Ellis Mundy, U. S. Atty., Harvey H. Tsinger, Asst. U. S. Atty., Atlanta, Ga., for appellee.

prive him of his constitutional rights and open the judgment to collateral attack by habeas corpus.

The judgment appealed from is Affirmed.