## KOWALAK v. FRISBIE.
### Civ. No. 9620.

United States District Court,
E. D. Michigan, S. D.

Oct. 20, 1950.

Benjamin J. Kowalak, in pro. per.
Stephen J. Roth, Atty. Gen., and Walter H. Taylor, Asst. Atty. Gen., for respondent.

THORNTON, District Judge.

This Court, in considering the petition for a writ of habeas corpus filed herein, finds that the petitioner is relying upon the following allegations: "Petitioner further says that since rendition of said verdict and on the 20th day of November, 1946 he has learned for the first time that the states witnesses perjured themselves, in that Miss Sue Rusher testified that she could and did identify the defendant as the

man she saw in possession of said tools at midnight of March 15, 1946; and that William Maitland also perjured himself when he testified that a street light directly across the street illuminated the area sufficiently so that he was able to make a positive identification, there were two lies told in his statement; first, said light did not exist across the street, but 178 feet south, and in the center of the street; second, the illumination at the point where he claims the two men were, shows a light of 0.005 of one candle, this reading was taken on the night of June 12, 1950 about 9:30 P.M. weather was clear with no moon visible. By: F. H. Bollens of the Public Lighting commission for the City of Detroit, and observing witnesses were L. Dailey and R. Gentile. On the night said witnesses claim they saw this defendant, witness testified that it was raining a fine drizzle, this would undoubtfully lower the light reading which is already nearly total darkness, making it physically impossible for either witness to make any identification of anyone. Therefore the conviction of this defendant was obtained by perjured testimony of the witnesses, Sue Rusher, and William Maitland."

█ If, in fact, perjured testimony was given at the trial of the within named petitioner which resulted in, or contributed towards his conviction, and if the said perjured testimony was given under certain circumstances, then and in that event his conviction did violate the due process clause of our constitution and could be raised in a habeas corpus proceeding: "The conviction of an accused person in a United States court brought about through the knowing and intentional use of perjured testimony violates due process and may be raised in habeas corpus * * *." Tilghman v. Hunter, 10 Cir., 167 F.2d 661, 662.

However, the giving of perjured testimony at the trial of this petitioner, if perjured testimony was in fact given, in and of itself is not sufficient to violate due process.

"But the mere introduction of perjured testimony in the trial of a criminal case is not enough to void the judgment. It is the knowing, wilful, and intentional use of perjured testimony that violates due process."

"The burden rested upon petitioner to show affirmatively that perjured testimony was knowingly, wilfully, and intentionally used against him in the criminal case." Tilghman v. Hunter, supra.

"In this habeas corpus proceedings, the petitioner is put to the burden of not only proving that Taylor's testimony was false but that it was knowingly and intentionally used by the prosecuting authorities in bringing about the conviction. * * *" Cobb v. Hunter, Warden, 10 Cir., 167 F. 2d 888, 889.

"The vice which vitiates the judgment of a court is the knowing, wilful and intentional use of perjured testimony to secure a conviction. Wagner v. Hunter, 10 Cir., 161 F.2d 601; Cobb v. Hunter, 10 Cir., 167 F.2d 888. Petitioner expressly testified that he did not have any evidence showing that the County Attorney or the presiding Judge knew that the witnesses were perjuring themselves." Story v. Burford, Warden, 10 Cir., 178 F.2d 911.

█ The entire petition in support of petitioner's application for a writ of habeas corpus is barren of any allegation that the alleged perjured testimony was knowingly, wilfully, and intentionally used to secure a conviction, and is further barren of any allegation that the prosecuting authorities or the presiding trial judge knew that the witnesses were perjuring themselves, and the absence of such allegations forecloses this Court from granting the relief prayed for in the petition filed herein so, therefore, the application for a writ of habeas corpus is hereby denied. 28 U.S.C.A. § 2243.

█ As a further observation, the Supreme Court of the United States, in Darr v. Burford, Warden, 339 U.S. 200, 70 S.Ct. 587, has held that after exhausting his remedies in the courts of the state of Michigan, the petitioner should have applied for a review in the Supreme Court of the United States.