**BARBEE v. CAPITAL AIRLINES, Inc.**

No. 10848.

United States Court of Appeals.
District of Columbia Circuit.

Argued May 14, 1951.

Decided August 2, 1951.

508

Stafford R. Grady, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellant.

Robert B. Hankins, Washington, D. C., with whom Macon M. Arthur, Washington, D. C., was on the brief, for appellee.

Before CLARK, PROCTOR and WASHINGTON, Circuit Judges.

CLARK, Circuit Judge.

The case was appealed from a judgment of the United States District Court for the District of Columbia wherein appellee's motion for summary judgment was granted. The complaint was filed pursuant to Section 8 of the Selective Training and Service Act of 1940, 54 Stat. 890 (1940), as amended 58 Stat. 798 (1944), 50 U.S.C.A.Appendix § 308. It sought an injunction to compel the appellee to reinstate the appellant in his former position as a co-pilot with the appellee company with seniority for the time during which the appellee was in the armed services.

The relevant facts are not in dispute. On July 15, 1946, the appellant, Barbee, was first employed as a probationary co-pilot by the appellee, Capital Airlines, Inc. As a probationary co-pilot, the appellant could have been discharged at any time during his first year's employment. (Sections 20 and 28 of the collective bargaining agreement between the appellee and its pilot employees). After a little more than five months as a probationary co-pilot, the appellant was notified by a letter dated January 2, 1947, that, "it is with regret that I must inform you that, due to your position in the seniority system of the company, it is necessary to place you on furlough until further no-

tice." All men junior to the appellant on the seniority roster had already been furloughed prior to the action taken in the appellant's case. The appellant was released from the service of Capital Airlines due to a reduction in force in conformity with the provisions of Section 27(a) of the collective bargaining agreement between the appellee and its pilot employees.

On March 19, 1947, Barbee was recalled to active duty by the United States Air Force. He remained with the Air Force until February 6, 1950, a period of almost three years. During this period of service the appellant attempted to secure a regular commission with the Air Force. When the regular commission was refused he applied on January 7, 1950, for reinstatement in his former position with the appellee with seniority, which it is contended accrued during the entire period of time he was with the Air Force. His application was denied, although the appellant has been at all relevant times a duly qualified and licensed pilot. Capital Air Lines, Inc., has continually refused to reemploy the appellant in this advanced seniority status, because it feels that he is not entitled to such a preferred status either by the labor agreement with the pilots or by any veteran's privileges accorded by the Selective Training and Service Act of 1940, as amended. Counsel for the air lines has pointed out to this court that it would be grossly unfair to the many other pilots who are below that position on the seniority roster and who have earned their seniority by remaining in Capital's service.

In the lower court the appellant's motion for a preliminary injunction was denied. The appellee filed a motion for summary judgment in its behalf with an affidavit to support its factual allegations and a memorandum of points and authorities in support of its legal arguments. After oral argument on this motion the trial court found: "that there is no genuine issue as to any material fact and that the defendant Capital Airlines, Inc., is entitled to a judgment as a matter of law, upon the basis of Edwards and Young v. Capital Airlines, Inc., 84 [U.S.] App.D.C. 346, 176 F.2d 755."

There is one factual difference in Edwards and Young v. Capital Airlines, Inc., 1949, 84 U.S.App.D.C. 346, 176 F.2d 755, 757, and the case at bar. Edwards and Young were both reemployed and had been replaced on the seniority roster prior to instituting their suit while in the instant case the appellant has never been reemployed. In the Edwards and Young case the two pilots brought suit against the airlines to prevent the airlines from disturbing the seniority, which they alleged had accrued to them. In the instant case the appellant brings his suit to compel the company to rehire him and replace his name on the seniority list. We are of the opinion that this difference is only one of form. The objective of Edwards and Young and the appellant, here, is the same.

In the Edwards and Young case, Judge Prettyman delivered the opinion of this court. He pointed up the issue when he stated, "The question is whether Edwards and Young 'left' their employment in order to perform military service." The issue was narrowed somewhat when Judge Prettyman, speaking for the Court, indicated "The problem * * * is not the mere meaning of the words 'lay off' or 'fired'. The question is whether the release of these men was complete, so that they were no longer in the employ of the company when they entered the armed service." The expressions used by the company in the letters which notified these two pilots of their release, the court held, denoted finality. The appellants entered the armed services after their release, and consequently this court decided that they did not leave their employment "in order to perform such training and service." The court concluded therefore that Section 8(b) of the Selective Training and Service Act of 1940 "did not apply to these appellants and so the company was not required by that statute to restore them to their prior seniority status."

This court then proceeded to demonstrate how the above view of the appellants' status was confirmed by the provisions of the collective bargaining agreement between the appellee and its employees. The court quoted Sections 23 and 27(a) of that agreement and in interpreting Section 27(a) two conclusions were reached which are helpful here. First, "it [Section 27(a)] contemplates that during the period of release from that [the employer's] service, the employee does not continue in the employment of the company." Secondly, "that the status of one released due to reduction in force is fixed by Section 27(a) of the contract as one of unemployment."

 In applying the principles of the Edwards and Young case to the case at bar we have first to consider whether the appellant was released by Capital Air Lines. The letter which purported to release the appellant from service is not a part of the record before us at this time. A portion of that letter dated January 2, 1947, is quoted in the appellant's motion for a preliminary injunction. The terminology as far as it is disclosed indicates that the appellant was placed "on furlough until further notice." The furlough was to begin January 6, 1947, and the appellant was informed by the appellee's Manager of Flight Operations that the date of his recall was indefinite. The company expressed its regret that this action was necessary because of business conditions. Although the language and surrounding circumstances are not as conclusive here as in the Edwards and Young case it is apparent to us that the company intended to release Barbee. It must follow then that the appellant did not leave a *position of employment* in order to perform military service.

Judge Prettyman in the Edwards and Young case concluded that the interpretation of Sections 23 and 27(a) of the collective bargaining agreement confirmed this view of the status of the two pilots after their release and before they returned to the company. Undoubtedly it does constitute a confirmation of that view, but, in our opinion, the interpretation of Section 27(a) is entitled to even greater weight. On this ground alone the judgment of the trial court should be affirmed.

There is no dispute that the appellant was released or furloughed pursuant to Section 27(a) of the collective bargaining agreement in the instant case. That section deals with the retention of seniority

and preference in return to work of those released due to a reduction in force. If the appellant was furloughed pursuant to Section 27(a) the conclusion that Barbee was no longer employed by the company is inescapable. This decision was reached by this court in the Edwards and Young case and is, in our opinion, quite correct.

As Judge Prettyman demonstrated in the Edwards and Young case, there can be no doubt that the status of one of these pilots "released due to reduction in force is fixed by Section 27(a) of the contract as one of unemployment." Since the appellant was not employed when he entered the Service he is not entitled to the requested relief.

The decision in this case may be summarized briefly. We are of the opinion that the company sufficiently apprised the appellant that he was permanently released before he went into the armed services. But independently of that fact we hold that the status of a pilot released due to a reduction in force under Section 27(a) of the collective bargaining agreement is one of unemployment. Consequently it must follow that, since the appellant did not leave a position of employment in order to perform military service, summary judgment should have been granted for the appellee. The judgment of the trial court is therefore affirmed.

WASHINGTON, Circuit Judge (dissenting).

Furloughed by Capital Airlines at a time of seasonal decline in business, Robert Barbee went on duty as a pilot in the Air Force. Released by the Air Force, he has been denied reinstatement by his civilian employer. I think Capital Airlines has a clear duty, under congressional mandate, to restore him to his position "or to a position of like seniority, status, and pay".[1] What is surprising is that there could be any doubt about that duty, or any hesitation by the courts in its enforcement. The Supreme Court has long since ruled, first, that the statute is to be interpreted liberally for the benefit of those who have served their country in its armed forces; second, that a man on furlough is entitled to the protection of the act; and, third, that a veteran's statutory rights cannot be abridged by a collective bargaining agreement.[2]

Barbee's status as a furloughed employee was clearly established. Capital's letter of January 2, 1947, informed Barbee that it was "necessary to place you on furlough," and advised him to "keep in touch with us so that you may be put back on our payroll as soon as business permits." Later, on May 14, 1947, and May 1, 1948, while still in the armed services, Barbee was actually recalled by Capital. It is clear that Barbee was laid off by operation of a seniority system; he was furloughed, rather than discharged. A person so situated is, under the decision of the Supreme Court in the Fishgold case, entitled to the benefits of the act.[3]

The decision of this court in the Edwards and Young case[4] is certainly no authority for depriving Barbee of his statutory rights. That decision did not hold that Capital Airlines' collective bargaining agreement means that the company loses its power to grant lay-offs or leaves of absence, or that it must always completely discharge a pilot when seasonal lulls require a temporary lay-off. As the court said in that case, "The question is whether the release of

1. Selective Training and Service Act of 1940, § 8, as amended 50 U.S.C.A.Appendix, § 308.

2. Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285, 287, 66 S.Ct. 1105, 90 L.Ed. 1230.

3. Justice Douglas, writing the opinion of the Court in that case, said:
 "A furlough is not considered a discharge. It is a form of lay-off. So is a leave of absence. And whether either results from unilateral action by the employer or otherwise, consequences are quite different from termination of the employment relationship. * * * An employee on furlough or on leave of absence has a continuing relationship with the employer; he retains a right to be restored to work under specified conditions." 328 U.S. at page 287, 66 S.Ct. at page 1112, 90 L.Ed. 1230.

4. Edwards v. Capital Airlines, 84 U.S.App. D.C. 346, 176 F.2d 755.

these men [Edwards and Young] was complete * * *." 84 U.S.App.D.C. at page 348, 176 F.2d at page 757. The court then resolved that question by finding that the releases given to Edwards and Young "denoted finality." *Ibid.* Edwards and Young were permanently dropped, and knew it; their names were immediately stricken from the seniority roster. Here the facts are quite different. Barbee was furloughed, and twice recalled; his name was retained —and in fact was advanced—on the company's seniority roster for more than a year after his furlough began (Jt.App. 52). In such circumstances, the terms of the collective bargaining agreement do not in my reading of them deprive Barbee of his status or his right to reinstatement. And if the contract be read as having been intended to cut across the rights of veterans, it cannot be effective to that end. As the Supreme Court has said, "no practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured the veteran under the Act." Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, at page 285, 66 S.Ct. 1105, at page 1111, 90 L.Ed. 1230.

The District Court was in error in granting summary judgment to Capital Airlines. On the contrary, basis appears for granting summary judgment in favor of Barbee. But that point need not be reached; it is enough to say that Barbee was entitled to have his case heard on the merits, rather than summarily stricken. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766.