**UNITED STATES ex rel. BORDAY v. CLAUDY.**

No. 262.

United States District Court
Middle D. Pennsylvania.

Dec. 8, 1952.

Ronald Borday, pro se.

Malcolm Berkowitz, Asst. Dist. Atty. County of Philadelphia, Philadelphia, Pa., Frank P. Lawley, Jr., Asst. Deputy Atty. Gen., Commonwealth of Pennsylvania, Robert E. Woodside, Atty. Gen., Commonwealth of Pennsylvania, Randolph C. Ryder, Deputy Atty. Gen., Commonwealth of Pennsylvania, for respondent.

FOLLMER, District Judge.

The petitioner, Ronald Borday, and three others were indicted in the Court of Quarter Sessions of Philadelphia County, Pennsylvania, on seven bills of indictment numbered 674 to 680 respectively. At the time of the trial of his codefendants he had defaulted on his bail, and upon his apprehension was subsequently tried and convicted on all the indictments.

His complaint is as to Indictments Nos. 674 and 676 on which he is now serving time. As he alleges in his petition the court sentenced him to not less than four years and not more than eight years on these two indictments respectively. Each indictment consisted of two counts, one count thereof charging larceny and the other count charging "receiving stolen goods."

It appears that the four defendants, of which the petitioner was evidently the leader, were engaged in a scheme which involved the theft of dresses from various stores, and the concealment of the dresses in a number of public "lockers". At the time of petitioner's arrest he was seen tossing two of the locker keys under a bed and another under the chair on which he was sitting. Petitioner, after combing the testimony at the trial of his codefendants and at his own trial, alleges perjured testimony solely on the basis of what he contends were inconsistent statements "by a witness at the two trials." His position seems to be that we must assume that the testimony as given at his trial was false. Why it would not have been at the other trial he does not explain.

It has been repeatedly pointed out that the petitioner has the burden of showing that there was perjured testimony knowingly used by the prosecution.[1] Petitioner has not presented a scintilla of evidence that there was any perjured testimony knowingly used by the prosecution, nor even that there was any perjured testimony. A careful reading of the evidence

---

1. Mooney v. Holohan, Warden, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Kowalak v. Frisbie, D.C.E.D.Mich., 93 F.Supp. 777; Wild v. State of Oklahoma, 10 Cir., 187 F.2d 409; Ex parte Smith, D.C.M.D. Pa., 72 F.Supp. 935, reversed, 3 Cir., 170 F.2d 61, reversed Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830, 93 L.Ed. 1740; Hinley v. Burford, 10 Cir., 183 F.2d 581.

at the two trials is convincing of the fact that, considering the numerous transactions, dresses, lockers and keys involved, there was far less confusion or lack of accurate recollection in the testimony of the witnesses than would be anticipated in two trials of this nature. Although sufficiency of the evidence is not a basis for habeas corpus [2] it may be pertinent to note that in the instant case there was ample evidence to sustain a conviction. In fact it is difficult to conceive that the jury could have done otherwise.

■ Petitioner contends that hearsay evidence was improperly admitted against him. The evidence to which he refers was statements made in the presence of the accused which were properly admitted, but in any event this is not a matter involving the court's jurisdiction or a violation of any constitutional rights, and may not be raised by habeas corpus.[3]

■ Petitioner also complains of certain instructions given by the Court to the jury. We find no error of which petitioner may complain nor is this in any event a matter for which habeas corpus would lie.[4]

[5, 6] Finally, petitioner contends that the two indictments each joined a count for receiving stolen goods with a count for larceny and that under the law of Pennsylvania this could not be done. He is wrong as to the law of Pennsylvania. The two charges may be joined in one indictment and upon conviction the lesser merges with the greater and he may then be sentenced, as in the instant case, on the greater;[5] and there is certainly no violation of any

constitutional right of petitioner involved in a matter of this kind.[6]

Federal courts must withhold interference with the administration of State criminal justice unless, as provided by 28 U.S. C. § 2241(c) (3), a prisoner is in custody in violation of the Constitution, Laws or Treaties of the United States.[7] There is no such basis for the issuance of a writ in this case, and the petition for a writ of habeas corpus must be denied and the rule issued thereon discharged.

2. Curran v. Shuttleworth, 6 Cir., 180 F.2d 780; Telfian v. Sanford, 5 Cir., 161 F. 2d 556, certiorari denied 332 U.S. 781, 68 S.Ct. 48, 92 L.Ed. 365; rehearing denied 335 U.S. 864, 69 S.Ct. 123, 93 L.Ed. 410; U. S. ex rel. Holly v. Claudy, D.C.W.D. Pa., 101 F.Supp. 751; Wilhoit v. Hiatt, D.C.M.D.Pa., 60 F.Supp. 664.

3. Smith v. United States, 88 U.S.App.D.C. 80, 187 F.2d 192, certiorari denied 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358; Wilhoit v. Hiatt, supra; McMullen v. Squier, 9 Cir., 144 F.2d 703, certiorari denied 324 U.S. 842, 65 S.Ct. 586, 89 L. Ed. 1404; Curran v. Shuttleworth, supra.

4. Meyers v. United States, 86 U.S.App.D. C. 320, 181 F.2d 802.

5. Com. ex rel. Madden v. Ashe, 1948, 162 Pa.Super.C. 39, 56 A.2d 335; Com. ex rel. Corkle v. Smith, 1945, 158 Pa.Super. C. 98, 43 A.2d 915; Cf. Rule 8 of the Federal Rules of Criminal Procedure, 18 U.S.C.

6. Welch v. Hudspeth, 10 Cir., 132 F.2d 434.

7. Sampsell v. People of State of California, 9 Cir., 191 F.2d 721.