**NEIGUT v. UNITED STATES.**
No. 14862.

United States Court of Appeals,
Fifth Circuit.

April 22, 1954.

Writ of Certiorari Denied
June 7, 1954.

See 74 S.Ct. 878.

William A. Neigut, in pro. per.

Charles F. Herring, U. S. Atty., Austin, Tex., Bradford F. Miller, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

## PER CURIAM.

The appellant was tried under an eight count indictment. The first seven counts charged that he aided, abetted, counseled and induced one Lyall M. Baze to commit crimes by making false entries and misapplying monies, funds and credits of the First State Bank, Bandera, Texas. The eighth count charged a conspiracy between the appellant and Baze, an officer of said bank, to injure and defraud the bank. Some twenty two overt acts were alleged to have been committed in pursuance of and to effect the objects of the conspiracy. The appellant's trial began on the 7th day of January, 1953, and the jury retired on the 14th day of January. The jury returned a verdict finding appellant guilty as charged in each of the eight counts. Upon that verdict the appellant was adjudged guilty of each of said offenses and was thereafter sentenced to be imprisoned for a period of five years under the first seven counts and to pay a fine of $5,000 and to be imprisoned for five years under the eighth count and to pay a fine of $10,000, the sentences of imprisonment to run concurrently. No appeal was prosecuted from that judgment. On August 7th, 1953 there was filed a long letter from the appellant to the district judge, which the Court considered as a motion to vacate the judgment or sentence, apparently under Section 2255, Title 28, United States Code. On September 24th, 1953 the Court entered its order overruling the motion to vacate the judgment. On October 2nd, 1953, the appellant filed his notice of appeal from this judgment. Later the appellant filed a petition to be allowed to proceed in *forma pauperis*. This petition the Court denied on October 24th, 1953, certifying that the appeal was not taken in good faith and that the files and records of the case conclusively show that the petitioner was entitled to no relief. The only testimony in the present record is the testimony of L. M. Baze taken in a civil suit. There is nothing in this record to show that the Court's order denying the petitioner the right to proceed in *forma pauperis* was erroneous

nor is there anything to show that the original judgment of conviction and sentence of the appellant were improper or erroneous.   The judgment is therefore

Affirmed.