**William A. NEIGUT**

v.

**Joseph O. KEARNEY, Warden, Federal Correctional Institution, Texarkana, Texas.**

**Civ. No. 1826.**

United States District Court
E. D. Texas, Tyler Division.

Dec. 15, 1954.

William A. Neigut, pro se.

William M. Steger, U. S. Atty., for Eastern Dist., of Texas, Harlon E. Martin, Asst. U. S. Atty., for Eastern District of Tex., Tyler, Tex., for respondent.

SHEEHY, Chief Judge.

Petitioner, who is presently confined in the Federal Correctional Institution at Texarkana, Texas, has filed a petition for a writ of habeas corpus ad subjiciendum. Respondent has filed a motion to dismiss said petition for a writ of habeas corpus on the ground that this Court, pursuant to the provisions of Title 28 U.S.C.A. § 2255, is without authority or jurisdiction to entertain said petition because it does not appear that a motion to vacate judgment and sentence filed with the sentencing court is inadequate and ineffective to test the legality of petitioner's detention. Pursuant to an order to show cause heretofore entered herein the respondent has filed his return and answer to said petition subject to his motion to dismiss. The respective parties have filed written arguments and briefs on respondent's motion to dismiss and the matter is now being considered on respondent's motion to dismiss.

The Court has carefully examined petitioner's original petition and his amended petition filed herein and has also carefully examined the records of this Court in Civil No. 1759 on the docket of this Court wherein William A. Neigut, petitioner herein, was petitioner and the respondent herein was respondent.

Petitioner was convicted upon his plea of not guilty to an indictment of eight counts charging violations of Secs. 2, 371, 656 and 1005, Title 18 U.S.C.A. in the United States District Court for the Western District of Texas, San Antonio Division in Criminal No. 18,018, styled United States of America v. William A. Neigut et al. and was on January 16, 1953, sentenced in said court to imprisonment for a period of five years and to pay a fine. Petitioner is now being held in custody of respondent in the Federal Correctional Institution, Texarkana, Texas, pursuant to the judgment and commitment entered in said cause in the United States District Court for the Western District of Texas, San Antonio Division. In August, 1953, petitioner filed in the sentencing court a document which was treated by that court as a motion to vacate sentence under Title 28 U.S.C.A. § 2255. In that motion petitioner asserted as grounds for the relief therein sought the following: (1) that he was arrested subsequent to being tried and was not arraigned on the indictment until his trial, (2) the admission of a narcotic addict's testimony at the trial, which testimony petitioner contends was perjury, (3) that a private conference between the trial judge and the foreman of the jury trying petitioner was had prior to the return of the jury verdict of guilty. The Court, after considering that motion, entered an order on September 24, 1953, denying and overruling said motion to vacate. Petitioner appealed from that order to the United States Court of Appeals for the Fifth Circuit and that court affirmed the action of the trial court in denying petitioner's said motion to vacate.[1]

Thereafter petitioner filed a petition for a Writ of Certiorari and said petition was denied by the Supreme Court.[2]

On July 6, 1954, petitioner filed in this court a petition for a Writ of Habeas Corpus, which petition was duly docketed in this court as Civil Cause No. 1759. The respondent therein duly filed his return and answer pursuant to a show cause order entered and this Court, after carefully considering the petition and the respondent's answer in that cause concluded that it did not appear that the remedy by motion to vacate or set aside the sentence the petitioner is now serving as provided for by Title 28 U.S.C.A. § 2255 is inadequate or ineffective to test the legality of petitioner's detention by respondent and by order entered on July 24, 1954, petitioner's said petition in said Cause No. 1729 was denied. Thereafter petitioner filed in the United States District Court for the Western District of Texas, San Antonio Division another motion to vacate sentence pursuant to the provisions of Title 28 U.S.C.A. § 2255. The exact grounds of that motion do not appear in the record in this case. On September 15, 1954, that motion to vacate sentence was denied by the United States District Court for the Western District of Texas. On September 16, 1954, petitioner forwarded to the United States District Court for the Western District of Texas notice of appeal from the order of the court denying petitioner's last mentioned motion to vacate sentence, together with $5 as filing fee. On October 7, 1954, the Clerk of the United States Court of Appeals for the Fifth Circuit received a duplicate of petitioner's said notice of appeal and a statement from the United States District Clerk for the Western District of Texas as to the docket entries made in that cause in the United States District Court for the Western District of Texas. On October 13, 1954, petitioner filed with the United States Court of Appeals for the Fifth Circuit a motion for allowance

---

1. Neigut v. United States, 5· Cir., 212 F.2d 588.

2. Neigut v. United States, 347 U.S. 1020, 74 S.Ct. 878, 98 L.Ed. 1141.

of appeal in forma pauperis. On November 17, 1954 the Court of Appeals denied petitioner's motion for allowance of appeal in forma pauperis. Up to the present petitioner has failed to deposit with the Clerk of the Court of Appeals the necessary funds required for the docketing of his appeal although he has been notified by the clerk of that court of the necessity of making the appropriate deposit and although it appears from petitioner's amended petition herein that he has available to him sufficient funds with which to make such deposit.

■ After a study of petitioner's voluminous petition herein and attachments thereto it appears that petitioner is asserting herein as the grounds for the relief he seeks (1) that he has been deprived of due process of law because his appeal from the last mentioned order of the United States District Court for the Western District of Texas denying petitioner's motion to vacate sentence has been denied due to circumstances beyond petitioner's control, (2) that the indictment forming the basis of his conviction was insufficient to charge an offense against him and (3) the evidence offered at his trial was insufficient to support the verdict of guilty. The first ground is wholly without merit. A contention that the denial by the Court of Appeals of petitioner's right to appeal in forma pauperis violates the requirements of due process is not tenable.[3] The denial of the right to appeal in forma pauperis from an order overruling a motion to vacate sentence does not make the remedy provided for by Title 28 U.S.C.A. § 2255 inadequate.[4]

■ Furthermore, from the record before this Court it does not appear that petitioner cannot still prosecute his appeal from the order of the United States District Court for the Western District of Texas, dated September 15, 1954, denying petitioner's petition to vacate sentence, above referred to. Even though the Court of Appeals has denied petitioner the right to prosecute his appeal in forma pauperis it appears from petitioner's petition herein that he now has available to him the money with which to pay the cost of appeal and even though the time for filing the record on appeal with the Court of Appeals as provided for by the pertinent rules of procedure has expired the Court of Appeals, upon petitioner making the required cost deposit and upon petitioner showing good cause, has the right to extend the time within which petitioner can file with that court the record on appeal.[5]

■ It clearly appears that the remaining grounds asserted by petitioner herein for the relief herein sought are matters that could be and should be presented to the sentencing court by the motion provided for and authorized by Title 28 U.S.C.A. § 2255.

It conclusively appearing that a motion to vacate sentence filed with the sentencing court pursuant to Title 28 U.S.C.A. § 2255 would be adequate and sufficient to test the legality of petitioner's detention by respondent, this Court is without authority to entertain petitioner's petition for a Writ of Habeas Corpus herein,[6] and accordingly respondent's motion to dismiss petitioner's petition for a Writ of Habeas Corpus herein will be sustained.

3. Clough v. Hunter, 10 Cir., 191 F.2d 516.

4. Clough v. Hunter, supra.

5. Rule 39, Federal Rules of Criminal Procedure, 18 U.S.C.A., and Pyramid

Motor Freight Corp. v. Ispass, 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184.

6. Tacoma v. Hiatt, 5 Cir., 184 F.2d 569; Decatur v. Hiatt, 5 Cir., 184 F.2d 719; Holloway v. Looney, 10 Cir., 207 F.2d 433; and Clough v. Hunter, supra.