**William A. NEIGUT**

v.

**Joseph O. KEARNEY, Warden, Federal Correctional Institution, Texarkana, Texas.**

**No. 15454.**

United States Court of Appeals Fifth Circuit.

April 27, 1955.

William A. Neigut, in pro. per.

William M. Steger, U. S. Atty., Harlon E. Martin, Asst. U. S. Atty., Tyler, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

PER CURIAM.

This appeal from an order dismissing a petition for writ of habeas corpus presents the single question, whether the district judge was right in holding that, under the last paragraph of Sec. 2255, Title 28 U.S.C.,[1] the court was without authority to entertain the petition. The appellant is here insisting that he was not, the appellee that he was.

The district judge, in an opinion filed December 15, 1954: pointed out that respondent had filed a motion to dismiss the petition on the ground that, under Sec. 2255, Title 28 U.S.C., the court was without authority to entertain it because it does not appear therefrom that a motion to vacate judgment and sentence is inadequate or ineffective to test the legality of his detention; and carefully and clearly set out the record show-

ing, among other things, that petitioner had twice applied for and twice been denied in the sentencing court Section 2255 relief, and that the first denial had been affirmed by this court in Neigut v. United States, 212 F.2d 588.

The opinion concluded thus: "It conclusively appearing that a motion to vacate sentence filed with the sentencing court pursuant to Title 28 U.S.C.A. § 2255 would be adequate and sufficient to test the legality of Petitioner's detention by Respondent, this court is without authority to entertain Petitioner's petition for a Writ of Habeas Corpus herein; Tacoma v. Hiatt, 5 Cir., 184 F.2d 569; Decatur v. Hiatt, 5 Cir., 184 F.2d 719; Holloway v. Looney, 10 Cir., 207 F.2d 433; and Clough v. Hunter, 10 Cir., 191 F.2d 516; and accordingly Respondent's motion to dismiss Petitioner's petition for a Writ of Habeas Corpus herein will be sustained."

Without further setting out the record or the contents of the opinion, we think it sufficient to say that, upon the considerations and for the reasons fully and carefully stated in the opinion of the district judge, and upon the authorities set out below,[2] the order is affirmed.

1. "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

2. Tacoma v. Hiatt, 5 Cir., 184 F.2d 569; United States ex rel. Leguillou v. Davis,

3 Cir., 212 F.2d 681; Telfian v. Sanford, 5 Cir., 161 F.2d 556, certiorari denied 332 U.S. 781, 68 S.Ct. 48, 92 L.Ed. 365, rehearing denied 335 U.S. 864, 69 S.Ct. 124, 93 L.Ed. 410; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L. Ed. 1036; Hill v. Sanford, 5 Cir., 131 F. 2d 417; Kreuter v. United States, 10 Cir., 201 F.2d 33; Casebeer v. Hudspeth, 10 Cir., 114 F.2d 789; Cf. Moore v. Aderhold, 10 Cir., 108 F.2d 729; McDonald v. Hudspeth, 10 Cir., 129 F.2d 196; Miller v. Sanford, 5 Cir., 150 F.2d 637.