**Joseph KAUFMAN, Appellant,**

v.

**F. T. WILKINSON, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.**

**No. 16176.**

United States Court of Appeals Fifth Circuit.

Oct. 16, 1956.

Joseph Kaufman, in pro. per.

James W. Dorsey, U. S. Atty., Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

This appeal from an order denying a petition for writ of habeas corpus presents the single question, whether the district judge was right in holding that, under the last paragraph of Section 2255, 28 U.S.C.A.,[1] the court was without authority to entertain the petition.

1. "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court

Appellant brought a petition for habeas corpus in the district court of the district in which he is confined on the same grounds on which he had previously filed a motion to vacate sentence in the sentencing court, said motion having been denied by that court. No appeal was taken from the denial of such motion.

■ Appellant now asserts that the trial court should have entertained his petition for a writ of habeas corpus because there was no other manner in which he could seek relief from what he calls an unconstitutional deprivation of his rights. The fallacy of this position is that the sentencing court had already acted adversely on appellant's contention. The fact that appellant did not appeal from that adverse decision does not in any way detract from its finality. Under the clear import of Section 2255, the trial court was not permitted to retry this issue.

■■ In his brief, not filed in accordance with the rules of this court, but which nevertheless we have considered, appellant argues that his failure to appeal from the adverse decision of the sentencing court should not be attributable to him but to his counsel. Not only is this an insufficient ground for a second hearing on petition for habeas corpus, but the argument is unavailing in this particular case because such allegation as to incompetence or lack of fidelity of appellant's counsel was not one of the grounds upon which the petition was filed, and was, therefore, not passed on by the court below. It, of course, cannot be considered here.

Upon the authority of Neigut v. Kearney, 5 Cir., 221 F.2d 803; certiorari denied 350 U.S. 939, 76 S.Ct. 311, and cases there cited, the judgment of the trial court is

Affirmed.

---

which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."