John A. KELLY (Veteran), Plaintiff,

v.

FORD INSTRUMENT COMPANY, DIVISION OF SPERRY RAND CORPORATION, Defendant.

Civ. No. 60 C 404.

United States District Court
E. D. New York.

March 13, 1961.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for plaintiff; Walter C. Reid, Asst. U. S. Atty., New York City, of counsel.

Poletti & Freidin, New York City, for defendant; Herbert Prashker, Martin C. Seham, New York City, of counsel.

BRUCHHAUSEN, Chief Judge.

The plaintiff moves for summary judgment.

In his complaint, the plaintiff, a veteran and sometime employee of the defendant, prays for a declaratory judgment, entitling him to seniority rights, pursuant to the Universal Military Training and Service Act, 50 U.S.C.A.Appendix 459.

The issue is whether the plaintiff was in the employ of the defendant at the time he entered military service. The said law preserves seniority rights to those leaving their employment for the purpose of performing military service.

We are here concerned with the interpretation of the statute and the status of the plaintiff thereunder.

The statute provides that an employer shall restore any person to his position or to a position of like seniority, status and pay "who, in order to perform such training and service, has left or leaves a position (other than a temporary position) in the employ of any employer."

The material facts are not in dispute. It appears that the plaintiff was hired by the defendant on March 3, 1952; that the terms and conditions of his employment

were governed by a collective bargaining agreement; that on April 23, 1954 he and others were laid off because the defendant had no work for them; that on May 25, 1954, he entered the armed services of this country; that on March 28, 1956, the defendant sent a notice, Exhibit A, to the plaintiff to the effect that it had need for workers and, in accordance with the labor agreement, the plaintiff was eligible to apply for reinstatement as a Senior Detailer and, if plaintiff chose to return to the company, he was requested to appear at the defendant's employment office not later than April 4, 1956 for interview and employment processing; that on April 2, 1956, the plaintiff's mother wrote to the defendant that plaintiff was in Alaska and unavailable for re-employment until May 1958, at which time he would have fulfilled his four year enlistment; that on January 7, 1958, the plaintiff wrote the defendant, stating that his enlistment would expire in May 1958 and that he wanted to know his chances of re-employment and what seniority rights he retained, if any; that on February 25, 1958, he satisfactorily completed his military service and was honorably discharged and that on March 5, 1958, he was employed by the defendant in the position of designer.

If the plaintiff was in the employ of the defendant on May 25, 1954, the date of his entry into military service, he would be entitled under the said statute to seniority rights accruing as of March 3, 1952, the date of his original employment with the defendant.

The defendant's position is that the plaintiff was not in its employ on May 25, 1954, the date of plaintiff's entry into military service and hence is not entitled to the seniority rights accorded by the statute; that the plaintiff was laid off almost a month prior thereto, i. e., on April 23, 1954; that the plaintiff was not in the defendant's employ during the period from April 23, 1954 to March 5, 1958; that on March 5, 1958, plaintiff was re-employed by defendant with seniority rights, accruing from that date, rather than March 3, 1952, the date when plaintiff was first employed.

The plaintiff claims that various provisions of the labor agreement support his claim. A careful examination thereof indicates otherwise. For example, Article 7, Section 7 of the 1953 contract mentions that it is a method of computing length of employment "for seniority purposes." The seniority rights accruing during lay-off periods differ from those accruing during periods of employment.

Under the labor agreement, a worker such as plaintiff, separated from his employment for lack of work, has the right to be recalled and given a chance of re-employment, should additional workers be needed. It is clear that a worker so laid off is not carried on the payroll, is not subject to supervision by his former employer, is under no obligation to it, is a free agent and has the right to accept employment elsewhere, without notice to or consent of his former employer. As previously stated, plaintiff was laid off on April 23, 1954 and entered military service on May 25, 1954. On the latter date he was no longer "in the employ of any employer," within the language and meaning of the statute he relies upon, nor did he leave a position in order to enter and perform military service. In more simple parlance, the plaintiff was out of a job at the time he enlisted. The cases of Edwards v. Capital Airlines, 84 U.S. App.D.C. 346, 176 F.2d 755, certiorari denied 338 U.S. 885, 70 S.Ct. 186, 94 L.Ed. 543 and Barbee v. Capital Airlines, 89 U.S.App.D.C. 335, 191 F.2d 507, certiorari denied 342 U.S. 908, 72 S.Ct. 302, 96 L.Ed. 680 are in point, while the case of Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230 is readily distinguishable.

The plaintiff's motion for summary judgment is denied. The defendant is entitled to judgment dismissing the complaint. Settle decree on notice.