UNITED STATES of America

v.

**Richard James SMITH.**

**Crim. No. CR78–208A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Aug. 19, 1981.

Andrew Ekonomou, Acting U. S. Atty., and Jere Morehead, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Richard James Smith, pro se.

## ORDER

NEWELL EDENFIELD, District Judge.

This criminal action is currently before the court on defendant's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).

On October 20, 1978 defendant entered a plea of guilty in this court to the charge of receiving and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(h). He was sentenced to four years imprisonment to be served consecutive to a state sentence he was then serving.

The grounds upon which defendant bases his petition are identical to those raised by him in an earlier motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Basically those grounds are ineffective assistance of counsel in counseling his guilty plea and in refusing to attempt to withdraw defendant's plea of guilty after sentence was imposed.

Defendant has added the additional factor that his attorney allegedly did not contest the dismissal of the original indictment and subsequent prosecution of defendant by information.

The court denied petitioner's section 2255 motion on July 30, 1980. Petitioner did not appeal that decision.

The last paragraph of section 2255 states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The Fifth Circuit, in upholding a decision of this court, has held that this portion of section 2255 prohibits a trial court from retrying the issues in a situation such as this. *Kaufman v. Wilkinson*, 237 F.2d 519 (5th Cir. 1956). *See also Johnson v. Petrovsky*, ·626 F.2d 72 (8th Cir. 1980) (almost identical fact situation). Furthermore, the court added that "[t]he fact appellant did not appeal from that adverse decision [on his section 2255 motion] does not in any

way detract from its finality." *Kaufman, supra,* 237 F.2d at 520.

■ Defendant's petition for a writ of habeas corpus under section 2241 cannot be a substitute for a motion under section 2255, and this petition can only be entertained if defendant establishes that his remedy under section 2255 was "inadequate or ineffective to test the legality of his detention." As the Fifth Circuit has stated, "[i]t is well established that a prior unsuccessful section 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). The burden is on petitioner to come forward "with evidence affirmatively showing the inadequacy or ineffectiveness of the section 2255 remedy." *Id.* Defendant here has not even alleged that his section 2255 remedy was inadequate or ineffective, let alone come forward with any such evidence. Therefore, the court cannot entertain his petition.

Petitioner has urged that the court give him special consideration due to the fact he is proceeding pro se. But "even when viewed in light of the liberal construction traditionally given pro se petitions ... [Smith's] second motion is, in substance, merely another section 2255 motion. A court is not bound to entertain successive motions for similar relief." *Johnson, supra,* 626 F.2d at 73 (citations omitted).

■ As for defendant's newly raised point regarding counsel's failure to contest the information, Smith's petition must fail since a voluntary guilty plea effectively waives all known or unknown nonjurisdictional defects in prior proceedings.* *See, e. g., Colson v. Smith*, 438 F.2d 1075, 1078 (5th Cir. 1971); *Johnson, supra.* The court determined in its earlier order that defendant was not entitled to relief from his guilty plea.

For these reasons, defendant's petition is hereby DENIED.

* It is absurd to argue that defendant was prejudiced by the prosecutor's action at any rate, as the information charged defendant with illegally possessing only one firearm, while the superseded indictment had charged him with possession of two firearms.