**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-50686
Summary Calendar

LEMUEL AMON BOND, III,

Petitioner-Appellant,

versus

R. MILES, Warden,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-375-SS

April 28, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Lemuel Amon Bond, III ("Bond"), federal prisoner # 54995-079, appeals the denial without prejudice of his 28 U.S.C. § 2241 habeas corpus petition, which the district court construed as a successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Bond argues that because neither of his prior § 2255 motions was considered on the merits, the § 2255 remedy is inadequate or ineffective to test the legality of his detention, and he is entitled to challenge his sentence in a § 2241 habeas petition.

Jurisdiction over a § 2255 motion lies in the district where the movant's sentence was imposed. See § 2255; Ojo v. Immigration and Naturalization Serv., 106 F.3d 680, 683 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).  In Bond's case, that is the Southern District of Texas.  Accordingly, the district court did not have jurisdiction to construe Bond's § 2241 petition as a § 2255 motion.  See Ojo, 106 F.3d at 683; see also Solsona V. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987).

Additionally, Bond is not entitled to challenge his sentence in a § 2241 petition.  Because Bond failed to appeal the district court's dismissal of his second § 2255 motion as successive, he has failed to establish the ineffectiveness or inadequacy of the § 2255 remedy.  See Kaufman v. Wilkinson, 237 F.2d 519, 520, n.1 (5th Cir. 1956); See Josey v. Humphrey, 210 F.2d 826, 827 (3d Cir. 1954).  Accordingly, the district court's judgment should be affirmed on the ground that Bond failed to state a claim for relief under § 2241.  See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (court of appeals may affirm district court's judgment on any basis supported by the record).

To the extent that Bond's appeal seeks authorization to file a successive § 2255 motion, Bond is instructed that he may file a separate motion with this court requesting such authorization.  See § 2255.

AFFIRMED.

2