Larry HALL, Plaintiff,

v.

CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Defendant.

No. 64 C 274.

United States District Court
N. D. Illinois, E. D.
July 10, and Oct. 13, 1964.

Edward V. Hanrahan, U. S. Atty., Gilbert Drucker, Asst. U. S. Atty., Chicago, Ill., for plaintiff. Herman Grant, Regional Atty., Paul E. Myerson, Charles P. Rippey, Attys., Dept. of Labor, Chicago, Ill., of counsel.

Walter D. Cummings, Frank E. Glowacki, Chicago Heights, Ill., for defendant.

PARSONS, District Judge.

This is an action by a veteran against his former employer, a railroad, under the Universal Military Training Act, 50 U.S.C. App. § 459, for restoration of lost seniority, status and pay by reason of the railroad's refusal to re-employ him. Plaintiff is represented by the United States Attorney for the Northern District of Illinois, and the United States Department of Labor.

For approximately three years between 1955 and 1958, Larry Hall, plaintiff herein, served on active duty with the United States Army.

Hall was first employed by the defendant-railroad in March of 1959, as a switchman, a position which was other than temporary. In August of 1959, he was placed in a layoff status by the railroad with recall rights under the collective bargaining agreement.

The veteran re-enlisted in the Army on February 19, 1960, served on active duty until January 25, 1963, and received a Certificate of Discharge under honorable conditions. In April of 1960, while Hall was still in the Army, the employer sent a recall notice to his last known address ordering him to report back to work within ten days. The veteran did not respond to this notice and the employer removed his name from their

seniority roster and terminated his employment for failure to respond.

In March of 1963, the veteran applied to the employer for reinstatement under the Re-employment Rights Section of The Universal Military Training Act, 50 United States Code App. § 459, and was refused. Subsequently, he brought this action.

The parties engaged in extensive discovery, culminating in cross-motions for summary judgment under Rule 56, F.R.Civ.P. on the issue of liability. The motions are now before the Court for disposition.

The railroad contends that the veteran is barred from re-employment (1) for failure to respond to the recall notice of April 1960, and (2) on the ground that Hall had removed himself from the protection of the re-employment statutes by voluntarily exceeding four years of active military duty between June 24, 1948, and August 1, 1961. In support of the latter position, the employer cites Section 9(g)(1) of the Act, which provides:

> "Any person who after entering the employment to which he claims restoration, enlists in the Armed Forces of the United States (other than in a reserve component) shall be entitled upon release from service under honorable conditions to all the reemployment rights and other benefits provided for by this section in the case of persons inducted under the provisions of this title, if the total of his service performed between June 24, 1948, and August 1, 1961, did not exceed four years, and the total of any service, additional or otherwise, performed by him after August 1, 1961, does not exceed four years (plus in each case any period of additional service imposed pursuant to law)."

The veteran does not deny that he served a total of more than four years in the service. Instead, he contends that the four year statutory limitation applies only to military service performed after he became an employee of the railroad. Defendant, on the other hand, argues that all of plaintiff's military service, including service prior to the employment, should be added together in computing the four year limitation period.

■■■■■ The railroad's first contention is wholly without merit. A person who enters upon military service while in a laid-off status from an employer does not lose his right to reinstatement when reached for recall during his military service. Kelly v. Ford Instrument Co., Div. of Sperry Rand Corp., 298 F.2d 399 (2d Cir. 1962).

The railroad's second contention raises a problem of statutory interpretation. The issue is one of first impression and has far reaching implications and application. This is particularly true in view of the general unrest in the world we live in and the conflicting necessity of balancing both the need of preserving the morale of members of our Armed Forces, and the right of the employer to know what his rights, duties and obligations are to returning servicemen seeking re-employment.

Defendant submits that the plain language of the Act supports its position. It is true that the four-year provision is not expressly qualified to apply only to service subsequent to employment. Plaintiff contends, however, that the statutory phrase "after entering the employment" means that only service subsequent to employment is to be computed in the four-year total. Defendant, on the other hand, argues that the phrase bears no relationship to the four-year period, but simply clarifies an obvious, but previously unexpressed, intention of the Act, to wit, that no veteran would have reemployment rights unless he was actually employed at the time of his present enlistment in the service.

The railroad's argument on this point is not persuasive in view of the history and purposes of the Universal Military Training Act.

The Selective Service Training and Service Act of 1940 originally outlined the rights of servicemen to re-employment and contained no period of limita-

tion. The first period of limitation on re-employment rights based upon length of service or period of enlistment appeared in the Selective Service Act of 1948 (known as The Universal Military Training and Service Act, since 1951). This Act was again amended in 1951 and 1961.

■■■ While one of the purposes of a limitation period in any of these Acts might have been to deny re-employment rights to persons who entered the Armed Forces for the purpose of making Military Service a career or to those who deliberately elect not to be separated from the Service and who remain there long after they could have been relieved of their military obligations, it is well settled that the re-employment statutes are to be liberally construed for the benefit of those who left their employment and homes to serve their country. Tilton et al. v. Missouri Pacific Railroad Company, 376 U.S. 169, 84 S.Ct. 595, 11 L.Ed. 2d 590 (1964); Travis v. Schwartz Mfg. Co., 216 F.2d 448 (7th Cir. 1954); Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946). It appears that Congress' intention was not to penalize the patriotic employee, but rather, to relieve the employer of inconvenience and uncertainty.

■■■ Viewed in this light, the limitation period of the statute becomes personal to the employer and runs only in his favor. Thus, any limitation period must apply only to military service subsequent to employment of an employee and does not include military service prior to such employment.

In addition, the statutory interpretation urged by the railroad would work a manifest injustice to veterans. For example, a veteran who in 1954 graduated from school, enlisted in the Armed Forces for four years, was discharged from the Armed Forces, then found his first job, and subsequently re-enlisted (or was recalled to active duty) before August of 1961, would never enjoy the re-employment benefits conferred by the Act. Surely Congress would not have intended to deny these individuals their reasonable expectation to re-employment following their satisfactory completion of military service by turning the limitation period in the Act into a weapon for denying such rights.

Since in the case at bar the veteran's military service after joining the railroad's employment did not total more than four years, his employer's second contention—that he had voluntarily removed himself from the protection of the re-employment rights statute—is also without merit.

■■■ The railroad further contends it should be permitted to introduce evidence relative to the veteran's conduct while in the military service. In other words, the Court is asked to go behind the Certificate of Discharge. This Court has no such authority under the Act. The language of the Act is clear that any person inducted into the Armed Forces for training and service who in the judgment of those in authority over him (and not in this Court's judgment) satisfactorily completes his period of military training and service shall be entitled to a Certificate to that effect upon the completion of such training and service. This Certificate is the key to the door of re-employment. That the veteran in this case received one is without dispute.

■■■ Finally, the railroad contends that the veteran's motion for partial summary judgment on the question of liability is improper under Rule 56 of the Federal Rules of Civil Procedure. This contention is refuted by the language of the rule itself which provides under Subsection (d) that:

"If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon

make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

For the reasons stated in this opinion, defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment on the question of liability is allowed. Accordingly, the veteran is entitled to restoration in the employment of the railroad in a position of seniority, status, and pay to which he would have been entitled but for his absence in the military service, plus any damages for loss of wages as a result of such deprivation of re-employment.

Judgment will be entered accordingly.