Hiram COLON, Plaintiff-Appellant,

v.

COUNTY OF SHAWNEE, STATE OF KANSAS, Defendant-Appellee.

No. 85–1091.

United States Court of Appeals, Tenth Circuit.

March 31, 1987.

F.G. Manzanares, Topeka, Kan., for plaintiff-appellant.

Joseph W. Zima, Asst. Shawnee County Counselor, Topeka, Kan., for defendant-appellee.

Before MOORE, McWILLIAMS and ANDERSON, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

This case presents the question of whether the reemployment rights conferred upon veterans by the Vietnam Era Veterans' Readjustment Assistance Act of 1984, 38 U.S.C. §§ 2021–2026 (the Act), require an employer to offer reemployment to a veteran who had been laid off, but had a limited eligibility for reemployment when he entered active military service. We hold the Act requires that upon proper application for reemployment, a veteran be given the precise employment status the veteran had obtained on the date he or she commenced active duty. We further hold that in this case the employer was required to return the veteran to the reemployment eligibility list for the period he would have been entitled to remain on that list had he not entered military service. Nevertheless, because the period of remaining eligibility to which the veteran was entitled expired before the employer had a position to offer him, the district court correctly entered judgment for the employer; therefore, we affirm.

Plaintiff Hiram Colon was permanently employed by the defendant County of Shawnee as a refuse collector when he was laid off effective October 31, 1980. Under the terms of a collective bargaining agreement in force between the County and Mr. Colon's union, however, laid off, permanent employees were entitled to remain on a "lay-off list" for the lesser of one year or the period of their prior service.[1] As vacancies arose, former employees retained on the layoff list were entitled to be recalled to their prior positions or to similar positions within their job classification before new employees were hired.

Mr. Colon, who was a member of the Kansas National Guard, was still on the layoff list when he was called to active duty by the Secretary of the Army. On March 3, 1981, the day Mr. Colon reported for service, he was entitled to remain on that list for twenty more days. On June 30, 1981, Mr. Colon completed his active duty service, and on July 3, 1981, he requested the County restore him to his former position. The County refused the request.

Mr. Colon subsequently filed his complaint in this case alleging the violation of the reemployment rights guaranteed by the Act. He sought restoration to his former position of collector or appointment to a position of like status with the same seniority and pay. He also sought damages for loss of pay from July 3, 1981.

Mr. Colon filed a motion for partial summary judgment on the question of his right to relief, contending that the Act entitled him to retain layoff list eligibility from the time he received his notice to report for active duty, some twenty-six days before he actually entered service. He also contended that the claimed eligibility period did not begin until July 3, 1981, the day he requested reemployment by the County. In response, the County took the position that Mr. Colon's theory required a "tolling" of his reemployment rights not supported by the Act. The trial court ultimately concluded that because the Act did not specifically provide for a tolling of reemployment rights during a veteran's active service, Mr. Colon's eligibility for reemployment expired prior to his release from active duty. The court further concluded that because the County had not employed a refuse col-

---

1. Mr. Colon worked for the County for 142 days; therefore, he was entitled to remain on the list for that time.

lector during the period Mr. Colon was eligible for reemployment, his rights under the Act had not been violated. Judgment was accordingly entered for the County.

■ Contrary to the view expressed by the trial court, there must be a "tolling" or preservation of the layoff period if § 2021 is to have any meaning for one who enters active duty while in a layoff status. That tolling, however, would only give the veteran the position of employment he or she had on the date active duty commenced.

The controlling statutory provision is 38 U.S.C. § 2024(c) which states:

Any member of a Reserve component of the Armed Forces of the United States who is ordered to an initial period of active duty for training of not less than three consecutive months shall, upon application for reemployment within thirty-one days after (1) such member's release from such active duty for training after satisfactory service ... be entitled to all reemployment rights and benefits provided by this chapter for persons inducted under the provisions of the Military Selective Service Act....

Members of the National Guard are members of a "reserve component" by definition. 38 U.S.C. § 2024(f). Additionally, § 2024(c) incorporates 38 U.S.C. § 2021(a)(2)(B), which states that persons who leave a position of employment with a subdivision of state government for induction into active military service are entitled, upon satisfactory completion of service, to be restored to the original position or to a position of like seniority, status, and pay.

■ While the pertinent statutes appear to apply only to persons who are permanently employed on the date of induction, the statutory protections have been applied to employees in a "lay-off" status as well. *Kelly v. Ford Instrument Co., Div. of Sperry Rand Corp.*, 298 F.2d 399 (2d Cir. 1962). Therefore, even though Mr. Colon was not actually working on the date he entered active duty, he was still "in the employ" of Shawnee County on that day for the purpose of the Act.

■ The Act restores to veterans the same employment status they enjoyed when they entered active military service. *Monroe v. Standard Oil Co.*, 452 U.S. 549, 101 S.Ct. 2510, 69 L.Ed.2d 226 (1981). This restoration does not, however, create new or additional employment rights, nor is a veteran entitled to any protection other than restoration of the veteran's original position together with accumulated seniority and benefits at the time of enlistment or activation. *Id.* at 561, 101 S.Ct. at 2517.

Because Mr. Colon was "in the employ" of Shawnee County on March 3, 1981, the date he entered upon active duty, he was entitled to retain the employment right then available to him. On that day, this right was the right to remain on the layoff list for twenty more days. Additionally, for the purpose of applying the Act, the right to remain on the list for those twenty days constituted his "position" within the meaning of § 2021(a)(2)(B).

Because he made a proper application for reemployment on July 3, 1981, and was apparently qualified to perform the duties of his position, Mr. Colon was entitled to be restored to the layoff list for a period of twenty days, or until July 23, 1981. Restoration to layoff status would have returned Mr. Colon to the employment status he enjoyed at the time he began active duty precisely as the Act mandates.

■ We conclude the magistrate granted summary judgment to the County for an incorrect reason. This conclusion, however, affords Mr. Colon only a pyrrhic victory because even though Mr. Colon was protected by the Act until July 23, 1981, no vacancies for the collector position occurred before that date. On July 23, 1981, Mr. Colon's layoff list eligibility expired, and he was no longer entitled to reemployment benefits under the Act. Ultimately, then, the trial court correctly denied relief to Mr. Colon.

AFFIRMED.

McWILLIAMS, Circuit Judge, specially concurring:

I concur in the result reached by the majority, but am not in accord with their

reasoning. I believe that the Magistrate's reasoning is correct.

When Colon entered on active military duty he had 20 days remaining on the so-called "lay-off" list. During the ensuing 20 days neither Colon nor anyone else on the lay-off list was recalled to work. That ends the matter as far as I'm concerned. *If* during that 20–day period Colon had been recalled to work, and unable to respond because of military service, then the Vietnam Era Veterans' Readjustment Assistance Act would require that Colon be reemployed upon completion of his military service. Such is the meaning which I attribute to the Act, and such is the meaning given the Act by the only cases bearing on the matter. *See Kelly v. Ford Instrument Co.*, 298 F.2d 399 (2d Cir.1962) and *Hall v. Chicago & Eastern Ill. R.R. Co.*, 240 F.Supp. 797, 799 (N.D.Ill.1964).

The majority hold that on the date Colon entered on active service everything stopped, and when he later presented himself for reemployment on July 3, 1981, his remaining time on the lay-off list (20 days) started to run. Presumably, under that approach, *if* Colon had been recalled to work during the 20 days immediately after entry on active service, such would have been a nullity, and Colon's only right under the Act was to get back on the lay-off list for 20 days after completion of active service. Certainly, in my mind at least, the Act cannot be construed to mean that *if* Colon had been recalled to work during the first 20 days he was on active duty he would be protected, and, at the same time, if he was not recalled during that 20–day period, as he was not, he is, under the Act, entitled to be back on the lay-off list for an additional 20 days after his return from active duty. Colon can't have it both ways.

The purpose behind the Act is to insure that a person who involuntarily leaves his workbench for military service is not disadvantaged thereby. It is not to give such person an advantage over his fellow worker. See *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 286, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230 (1946). I know of no case which supports the approach taken by the majority to the fact situation before us. In both *Kelly* and *Hall, supra,* the Act was held to apply where a person enters on active military service at a time when he is on a lay-off list, and thereafter, while in the military and while still on the lay-off list, is recalled to work.

I recognize that my disagreement with the majority is, in a sense, academic, since, under either approach, Colon will not get his job back as a refuse collector. I continue to disagree, however, because in my view the interpretation given the Act by the majority turns the Act upside down.