Dear Executive Director, Rex Privett,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Do the Federal Veterans' Reemployment Rights statutes("Federal Act") preempt the Oklahoma Public Employees RetirementSystem ("OPERS") statutes governing the granting of retirementservice credit for military service for participating members tothe extent that the OPERS statutes limit the rights of militaryservice personnel covered by the Federal Act?
 2. Does service in the National Guard constitute militaryservice under the Federal Act?
 3. Who must fund the contributions for the military servicecredit available to military service personnel covered by theFederal Act?
 4. What conditions must be met before a member of OPERS canreceive the military service credit?
¶ 1 The Veterans' Reemployment Rights statutes, (hereinafter the "Federal Act"), are found at 38 U.S.C.A., title IV, ch. 43, 2021, (1982) et seq. The Federal Act generally sets out the reemployment rights and protected benefits of persons serving in the Armed Forces of the United States. The Federal Act provides that any person serving in the Armed Forces of the United States shall have the right to return to the employment position held immediately prior to his military service with all the rights and benefits he would have accrued had he not been in the service. U.S.C.A. 2021(a)(B) extends coverage of the Federal Act to employment positions with a State or political subdivision. The Oklahoma Public Employees Retirement System ("OPERS") statutes are found at 74 O.S. 901 (1981) et seq., as amended. Generally, the OPERS statutes provide for membership, rights, powers, duties, regulations, liabilities, administration, and financing of a retirement system for certain public employees of the State of Oklahoma. Specifically, 74 O.S. 913 provides for the crediting of prior and participating service including credit for prior military service at 74 O.S. 913(1)(d) and credit for participating service for periods of active military service while in the employ of a participating employer at 74 O.S.913(2)(c).
¶ 2 Since the Federal Act applies only to persons who leave a position (other than a temporary position) in the employ of an employer in order to perform military training and service, this opinion will address the relationship between the Federal Act and the corresponding OPERS statute, 74 O.S. 913(2)(c), regarding credit for participating service.
 I. A. Federal Preemption of State Law
¶ 3 The issue embodied in your first question is whether the Federal Act preempts the OPERS statutes. Federal preemption may occur in at least four specific instances. Missouri-Kansas-TexasRailroad Co. v. State, 712 P.2d 40 (Okla. 1985). With respect to the federal and state laws addressed in this opinion, federal law may preempt state law in either of two ways: federal regulation in a given area may be so pervasive that states are prohibited from regulating in that area, or a state statute may be void to the extent that it actually conflicts with a valid federal statute. A conflict will be found where compliance with both federal and state regulations is a physical impossibility or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.Cronin v. Police Department of City of New York, City,675 F.Supp. 847 (S.D.N.Y. 1987). See also, Daily v. Public SchoolSystem of Missouri, 707 F.Supp. 1087 (E.D. Mo. 1989).
¶ 4 U.S.C.A. 2021(c) of the Federal Act provides that the states may have statutes establishing greater rights than those found in the Federal Act. Thus, Congress has not expressly limited the regulating power in this area to the Federal Government. We must therefore determine whether the OPERS statute, specifically 74 O.S. 913(2)(c), conflicts with the Federal Act.
¶ 5 The OPERS statutes provide for service credit to be granted for military service during periods of active military service during which the participant was a war veteran. To receive participating credit, one must leave the employment of a participating employer, serve during one of the specified time periods and return to state employment within 90 days after discharge from the military service. See, 74 O.S. 913(2)(c) (1990). The Federal Act provides that any time a person leaves state employment to serve in the Armed Forces, he has a right to return to that position with all the rights and benefits he would have accrued had he not been in the military service.
¶ 6 A conflict may occur because state law limits the service credit to "military service" as a "war veteran" which by definition may exclude members of the Armed Forces, such as the Reserves and National Guard, serving peacetime duty. The Federal Act provides reemployment and benefit protection for servicemen who perform military service as inductees and enlistees in the Armed Forces, members of the Reserves or National Guard regardless of whether such service is during wartime or peacetime. Military service under the Federal Act includes "active duty" and "active duty for training." See,38 U.S.C.A. 2021 through 2024.
¶ 7 Military service is defined at 74 O.S. 902(23) (1990) of the OPERS statutes as "service in the Armed Forces of the United States in time of war or national emergency, as defined in 72O.S. 67.13a, from which the member was honorably discharged."72 O.S. 67.13a states in part that "the term `war veterans' shall include only those persons who shall have served during the times or in the areas prescribed hereinabove" (72 O.S.67.13a(a)-(g)). In addition to the other limitations found in 72 O.S. 67.13a, subsection (e) specifically excludes "any person who shall have served on active duty for training only, unless discharged from active duty for service-connected disability . . ." Further, by definition, the OPERS statutes appear to exclude all peacetime service.
¶ 8 Language which limits credit to war time service has been held to contravene the intent of the veterans' reemployment rights statutes by the court in Mazak v. Florida Department ofRetirement, 97 CCH Labor 10,083 (N.D. Fla. 1983). Therefore, based on Cronin, Dailey, Mazak, and their progeny, and based upon the clear intent of the Federal Act, the Federal Veterans' Reemployment Rights statutes do preempt the OPERS statutes governing the granting of retirement service credit for military service for participating members to the extent that the OPERS statutes limit the rights of military service personnel covered by the Federal Act.
 B. OPERS Retirement Credit as a Protected" Benefit" under the Federal Act.
¶ 9 Before proceeding to the remaining questions, we must address whether the benefit provided by the OPERS statute is a benefit protected by the Federal Act. If a benefit is found to be a "perquisite of seniority" that rewards length of service and accrues with reasonable certainty during the course of the employee's absence for military service, the employee is entitled to the benefit as if he had remained continuously employed during his military service. This type of entitlement is said to accrue on the "escalator principle." However, if it is determined that the benefit had to be earned by a significant amount of actual work, or is intended to be a short-term reward for services rendered, the returning veteran is entitled to the benefit only to the extent that other employees on non-military leaves of absence of comparable length are entitled to it. This is the standard set by the landmark case of Alabama Power Co. v.Davis, 431 U.S. 581, 97 S.Ct. 2002, 52 L.Ed.2d 595 (1977).
¶ 10 Section 901 of title 74 states that the purpose of the OPERS Act is, in part, to "enable such employees to accumulate deferred income reserves for themselves and their dependents to provide for old age, death, and inactive service . . ." In spite of the reference to the accumulation of deferred income, the OPERS benefit does not appear to be earned by a significant amount of actual work nor is it intended to be a short-term reward for services rendered. Rather, the true nature of the pension plan appears to reward length of service. The OPERS benefits continue to accrue with reasonable certainty and the monthly benefit increases with each additional year of service.74 O.S. 915 (1990). Therefore, under Alabama Power, the OPERS benefits are the type of benefits protected by the Federal Act.
 II.
¶ 11 Your second question asks if service in the National Guard constitutes military service under the Federal Act. The answer to this question is also in the affirmative. U.S.C.A. 2024 of the Federal Act sets out the rights of persons who enlist or who are called to active duty. U.S.C.A. 2024(c) extends protection of the Act to members of a Reserve component of the Armed Forces. Several cases have granted pension benefits to members of the National Guard under this provision. See, Colon v. County ofShawnee, State of Kansas, 815 F.2d 594 (10th Cir. 1987); U.S.ex rel. Reilly v. New England Teamsters and Trucking IndustryPension Fund, 737 F.2d 1274 (2nd Cir. 1984); Von Allmen v.State of Connecticut Teachers Retirement Board, 613 F.2d 356
(2nd Cir. 1979); and Cronin. Further, Section 2024(f) states "for the purposes of subsection (c) and (d) of this section, full-time training or other full-time duty performed by a member of the National Guard . . . is considered active duty for training." Also, reemployment rights of military service personnel are to be liberally construed in their favor. GulfStates Paper Corp. v. Ingram, 811 F.2d 1464 (11th Cir. 1987) . The Federal Act includes in its definition of military service, service in the Reserves, National Guard and peacetime service.
 III.
¶ 12 Your third question asks who must fund the contributions for the service credit now available to military service personnel not previously covered by the OPERS statutes.
¶ 13 The intent of the Federal Act appears to be that the returning servicemen should be put in the same position he would have been in had he not left his employment to serve in the military. The Federal Act requires that the serviceman is entitled to the benefits he would have accrued if he had remained continuously employed. In this case, had the member been continuously employed, both employee and employer contributions as required by the OPERS statutes would have been made. 74 O.S.919.1 and 74 O.S. 920 (1990). While not addressing this issue specifically the majority of cases cited have allowed the member to purchase the service credit. Alabama Power, Daily andReilly. Therefore, to obtain the service credit, state law could require payment of the contributions by the employer and employee for the period in question prior to granting the service credit.
 IV.
¶ 14 Your fourth and final question asks what conditions must be met for a member of OPERS to receive this service credit. Since a state law is void only to the extent it actually conflicts with a federal law, the nonconflicting portions of the two laws must be followed in determining the conditions to qualify for the service credit. With respect to 913(2)(c), the person applying for service credit must be a member of the System as defined at 74 O.S. 902(22), must leave the employ of a participating employer, as defined at 74 O.S. 902(25) and must return to employment within 90 days after discharge from military service. These provisions are consistent with the corresponding provisions of the Federal Act.
¶ 15 The conflict between the OPERS statute and the Federal Act arises because the OPERS statutes deny participating service credit to military service personnel performing peacetime duty. Therefore, the remaining conditions to be met to qualify for the service credit must be determined by the language contained in the Federal Act. While the essence of your opinion request involves military service credit under the OPERS statute for service in the National Guard, the answer to your fourth question necessarily involves a review of the Veterans' Reemployment Rights statutes for all military service. Whether individual members meet the specific conditions necessary to receive this type of service credit must be determined on a case by case basis, using the guidelines and limitations found in the Veterans' Reemployment Rights statutes. See, specifically 2021 and 2024 of the Federal Act.
¶ 16 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. The Federal Veterans' Reemployment Rights statutes (the"Federal Act"), 38 U.S.C.A. 2021 (1982) et seq., preempt theOklahoma Public Employees Retirement System ("OPERS") statutes,74 O.S. 901 (1981) et seq., as amended, governing the grantingof retirement service credit for military service forparticipating members to the extent that the OPERS statutes, inconjunction with 72 O.S. 67.13a (1990), limit credit formilitary service to war veterans and exclude credit for peacetimemilitary service.
 2. Under the Federal Act, 38 U.S.C.A. 2021 (1982) et seq.,service credit for military service under 74 O.S. 902(23)and 74 O.S. 913(2)(c) (1990) must be extended tomembers-employees who perform military service in the ArmedForces, Reserves and National Guard regardless of whether suchservice is during wartime, peacetime, active duty service oractive duty for training.
 3. The Federal Act requires that returning military servicepersonnel are entitled to the benefits they would have accruedhad they remained continuously employed. Therefore state lawcould require payment of the contributions by the employer andemployee for the period of military service prior to granting theservice credit under OPERS statutes. 74 O.S. 919.1 and 74O.S. 920 (1990).
 4. Since a state law is void only to the extent it actuallyconflicts with a federal law, the non-conflicting portions of thetwo laws must be followed in determining the conditions that mustbe met by the member-employee to qualify for the military servicecredit. 38 U.S.C.A. 2021 (1982) et seq. and 74 O.S. 901(1981) et seq., as amended.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
DAN M. PETERS ASSISTANT ATTORNEY GENERAL