James C. GREENE, Plaintiff,

v.

**ADVANCED MICRO DEVICES, INC., Defendant.**

Civ. No. A 92 CA 403.

United States District Court,
W.D. Texas,
Austin Division.

March 17, 1993.

Bogdan Rentea, Rod Bordelon, Rentea & Whitehead, Austin, TX, for plaintiff.

Brian Strother Greig, Elizabeth Collum Ozmun, Gregory S. Baylor, Fulbright & Jaworski, Austin, TX, for defendant.

### ORDER

SPARKS, District Judge.

In his complaint, Plaintiff, James C. Greene ("Greene"), alleges Advanced Micro Devices, Inc. ("AMD"), his former employer, violated several of his rights as a veteran under the Veterans' Reemployment Rights Act. *See* 38 U.S.C. §§ 2021, 2022, 2024 (1991). Specifically, Greene contends that AMD failed to rehire him upon return from his duties as a member of the U.S. Marine Corps Reserve in 1991, in violation of 38 U.S.C. § 2021, and forced him to use vacation time on several occasions when he attended reserve training drills, in violation of 38 U.S.C. § 2024(d).[1]

Currently before the Court is AMD's Motion for Summary Judgment, filed December 10, 1992. The Court has reviewed this motion, the accompanying brief, response thereto, and reply, as well as the rest of the file and relevant legal authorities. Having done

---

1. These are the only two formally listed counts in Plaintiff's Complaint; however, read as a whole, Plaintiff's Complaint also appears to allege a cause of action for wrongful termination under 38 U.S.C. § 2021(b)(3). Nonetheless, as Plaintiff explicitly states in his response to Defendant's Motion for Summary Judgment that he does not allege wrongful termination, the Court will only address his claims of failure to rehire and denial of leave of absence. *See* Plaintiff's Response to Motion for Summary Judgment of Defendant Advanced Micro Devices, Inc., at 1–2 (Dec. 31, 1992).

so, and having viewed the evidence in the light most favorable to Greene,[2] the Court finds AMD's motion should be granted for reasons set out below.

## I. BACKGROUND [3]

Greene began working as a Senior Production Supervisor for AMD in April of 1987. Beginning in January of 1989, Greene, an active member of the United States Marine Corps Reserve, was required to take time off from work to attend various reserve training drills. At that time, AMD's policy regarding such leave was to grant its employees paid time off, to the extent that the employee received less military pay than he or she would have received as pay from AMD, up to ten days per year "in addition to any accrued regular vacation." *See* Defendant's Motion for Summary Judgment, Exhibit C(1). As Greene's military pay was higher than his pay at AMD, AMD never paid Greene additional money under this policy. Defendant's *Motion for Summary Judgment*, Exhibit 1 ("Greene's Deposition"), at 57. The policy does not explicitly address unpaid time off to take part in military exercises.

According to Green, AMD "offered [Greene] two weeks leave without pay for March [of 1989] duties and two weeks of vacation leave for duties in August [of 1989].... thus forc[ing Greene] to utilize vacation leave for required military reserve duties." Complaint, at 4, para. 18. Greene further alleges that "[o]n or about March 25 to May 11, 1990, [he] was again forced to utilize vacation leave to attend training drills."[4] *Id.* at para. 19.

During the second week of January, 1991, Greene notified AMD of his "imminent mobilization" as a result of the war in the Persian Gulf. On January 30, 1991, AMD notified Greene, in writing, that, due to economic pressures, Greene would be affected by AMD's reduction in forces (i.e., Greene was being "RIFed"), with March 17, 1991 being his effective date of separation.[5] *See* Plaintiff's Response, Attachment 2. In a letter dated February 22, 1991, Greene was officially notified of his call to active duty from March 1, 1991, through February 29, 1992. Plaintiff's Response, Attachment 2, Exhibit 13. Greene notified Charlie O'Neill, AMD's Human Resources Manager, in writing of this order to duty on February 25, 1991 and requested that he be allowed to return to his job when his tour of duty was completed. *Id.* Attachment 3. In response, on or about March 6, 1991, after Greene had reported for active duty in Quantico, Virginia, Greene received a letter from Mr. O'Neill informing Greene he would not be guaranteed a job upon his return from active duty; he would not be granted a military leave of absence; and he would be continued on the payroll with full insurance benefits through March 17, 1991. Plaintiff's Complaint, at 5, para. 27.

Upon his return from his tour of duty in August of 1991, Greene visited AMD's offices to inquire about reapplying for his former job under the Veteran's Reemployment Rights Act. He was told at that time, and in subsequent communications with AMD, that no positions were available and has not been rehired by AMD.

## II. ADVANCED MICRO DEVICE'S MOTION FOR SUMMARY JUDGMENT

■ Having interpreted Greene's complaint to allege a claim for wrongful termination, as well as Greene's explicitly stated claims that AMD failed to rehire him and

---

2. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corporation,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

3. Again, note that the following facts are those asserted by Greene and set out in the light most favorable to him. *See* Note 2, *supra.*

4. It is unclear to the Court whether Plaintiff means that he attended training drills during that entire period or that he attended several drills interspersed during this time period.

5. Despite the implications otherwise in his complaint, Greene stated at least twice in his deposition that he had no reason to believe his inclusion in AMD's reduction in forces was in any way related to his being a member of the Marine Corps Reserve. *See* Greene's Deposition, at 219, 243. Greene also indicated that he was aware of a potential reduction in force in December of 1990. *Id.* at 186.

forced him to use vacation time in violation of the Veterans' Reemployment Rights Act, AMD moves for summary judgment on all three claims. Because Greene denied including a claim for wrongful termination in his response to AMD's motion for summary judgment, and because Greene clearly stated in his deposition he had no reason to believe his inclusion in the reduction in force was related to his service in the Marine Corps Reserve, the Court finds Defendant is entitled to summary judgment with respect to Plaintiff's claim for wrongful termination, in the event Plaintiff's complaint is determined to have alleged such a claim.

A. *Greene's Claim for Failure to Rehire under 38 U.S.C. §§ 2021(a) and 2024(b)*

■ Read together, Sections 2021(a) and 2024(b) require employers to reinstate employees, who have temporarily left their employment to serve in a military reserve unit, to the position the employee held prior to being called to active duty or "to a position of like seniority, status, and pay" so long as the employee is "still qualified ... or able to become requalified with reasonable efforts by the employer." *See* 38 U.S.C. §§ 2021(a), 2024(b). If the employee's former position was only "temporary," these requirements do not apply. 38 U.S.C. § 2021(a).

According to Greene's allegations, AMD violated these provisions by failing to reemploy him upon his return from the Gulf in August of 1991. AMD, in contrast, maintains Greene held no, or, at best, only a temporary, "position in the employ" of AMD when he reported for active duty on March 1, 1991. AMD is correct.

At the time Greene left AMD to report for active duty, he was no longer working for AMD. Although Greene was still receiving paychecks and was still entitled to insurance and other benefits associated with his former job, this compensation was merely in lieu of the notice AMD would normally have given Greene prior to terminating his employment with AMD and does not constitute a position

of employment within the meaning of Section 2021.

Even if this Court found Greene's entitlement to pay and benefits through March 17, 1991 to be a position of employment, he would still not be entitled to return to such a position under Sections 2021 and 2024. Greene acknowledges that AMD issued him paychecks on February 5, 1991, February 19, 1991, March 5, 1991, and March 11, 1991, and nowhere does he allege AMD failed to pay his full salary or accord him full benefits through March 17, 1991. To allow Greene to return to that, at best temporary, "position" upon his return from military duty in August of 1991 would be contrary to the purpose intended by Congress and would bestow a benefit on Greene, not enjoyed by other employees, merely because of his status as a military reservist. *See Monroe v. Standard Oil Co.,* 452 U.S. 549, 561, 101 S.Ct. 2510, 2517, 69 L.Ed.2d 226 (1981); *see also Colon v. County of Shawnee, State of Kan.,* 815 F.2d 594, 596 (10th Cir.1987).

Greene nonetheless argues that because he was on the payroll and entitled to benefits at the time he was called to active duty, AMD should have rehired him under Section 2024 much as the courts have held that section applicable to employees "laid off" at the time they left to perform military services. *See* Brief in Support of Plaintiff's Response to Motion for Summary Judgment, at 2–9. In fact, Greene argues his case is "even stronger ... [because h]e was not only not in a layoff status, he was a full employee at the time he was called to military service." *Id.* at 2.

Greene is wrong. In *Colon v. County of Shawnee*[6] and *Kelly v. Ford Instrument Company,*[7] two of the cases cited by Plaintiff, although the employees were no longer working for their employers at the time they were called to active duty they were entitled, under collective bargaining agreements, to be recalled to their former positions if the positions became available during a specified period of time. *Colon,* 815 F.2d at 596, *Kelly,* 298 F.2d at 404. Thus, these plaintiffs had contractual agreements with their former employers entitling them to be restored as

---

6. 815 F.2d 594 (10th Cir.1987).

7. 298 F.2d 399 (2d Cir.1962).

employees if certain specified conditions arose during a specified period of time; they had legitimate expectations of reemployment within the parameters of the collective bargaining agreements.

Greene's status makes his case weaker, not stronger. Greene had no legitimate expectation of reemployment by AMD following his termination even if his former position became available again. Greene does not allege, nor is there any evidence of, the existence of a collective bargaining agreement or any other promise or affirmative representation by someone at AMD that Greene would be rehired in the event his old position, or a similar position, became available before or after March 17, 1991 or when Greene returned from active duty. To the extent Greene intended the Court to infer such an agreement or promise from his statement that on January 30, 1991, AMD notified him he would be "laid-off effective March 17, 1991," such an inference is belied by evidence submitted to the Court by Greene himself. *See* Plaintiff's Complaint, at 5, para. 22; Plaintiff's Response, Attachment 2.

The notification letter Greene refers to, and submitted with his response to AMD's motion for summary judgment, describes AMD's reduction in force and states, in part, AMD

> regret[s] to inform you that you are affected by this reduction. The effective date of your *separation from* AMD will be March 17, 1991. Regrettably, there are few alternative positions available within the company at this time.... Charlie O'Neil ... has been assigned ... to act as your liaison with the Employment Department should any appropriate openings occur before your separation date.

Plaintiff's Response, Attachment 2 (emphasis added). Nowhere in the letter is there any reference to Greene being laid off or any positive assertion that Greene would be rehired, or even considered, in the event a suitable position became available. Similarly, in a separate memorandum regarding a proposed "Agreement & Release with Regard to Severance Benefits" sent to Greene on that same day, the pay Greene would receive if he signed the agreement was re-

ferred to as "termination pay" and reemployment was only mentioned in the context of the effect on such termination pay "[i]n the event of re-employment at AMD." *Id.* The mere mention of possible reemployment in these letters does not rise to the level of a legitimate expectation to be rehired.

Any misconceptions Greene may have harbored concerning reemployment should certainly have been cleared up by Charlie O'Neil, AMD Human Resources Manager, when O'Neil responded to Greene's February 25, 1991 request that he be reinstated upon his return from active duty by saying that AMD could not guarantee Greene a job upon his return from active duty. *See* Plaintiff's Complaint, at 5. Greene has pled no facts which support, or create a factual issue regarding, his reemployment claim and, therefore, AMD is entitled to summary judgment on this claim.

**B.** *Greene's Claim for Denial of Leave of Absence Under 38 U.S.C. § 2024(d)*

Section 2024(d) of Title 38, United States Code, provides that an employee of a private employer who is in the military Reserve

> shall upon request be granted a leave of absence by such person's employer for the period required to perform active duty for training or inactive duty training.... [and] shall be permitted to return to such employee's position with such seniority, status, pay, and *vacation* as such employee would have had if such employee had not been absent for such purposes.

38 U.S.C. § 2024(d) (emphasis added). Greene contends AMD required him to use vacation leave instead of granting him military leaves of absence in 1989 and 1990 in violation of Section 2024(d). Assuming AMD did require Greene to utilize vacation time as alleged by Greene in his complaint, AMD is still entitled to summary judgment on this claim as Greene's allegations and deposition testimony show, as a matter of law, that Greene suffered no damage.

One of the purposes of Section 2024(d) is "to assure that persons who must perform active duty for training or inactive duty

training will not be required to forego vacations to which they otherwise would be entitled." *Hilliard v. New Jersey Army Nat'l Guard,* 527 F.Supp. 405, 412 (D.N.J.1981) (quoting 1960 U.S.Code Cong. & Admin.News at 3079). In light of this legislative history and the plain reading of the statute, the Court is in basic disagreement with AMD's argument that a plaintiff must necessarily have suffered a monetary loss for this section to apply. In this case, however, AMD is correct.

Greene has made no allegations that he requested vacation leave (paid or unpaid) and that AMD denied such a request. Even if he had, Greene no longer works for AMD and, thus, is not entitled to any form of injunctive relief (i.e., ordering AMD to grant vacation leave to Greene). AMD correctly points out that under its policy of paying employees for two weeks of military leave, Greene would never have been entitled to such pay as the Marine Corps Reserve paid him more than his salary at AMD. Thus, even if Greene had requested vacation leave, he would only have been entitled to unpaid vacation leave as he had already received vacation pay while he attended military training exercises. *See Romano v. Thunder Projects, Inc.,* 696 F.Supp. 831, 837–38 (N.D.N.Y.1988) (Plaintiff who received two weeks of vacation pay while attending active duty training was not entitled to be paid for his one week vacation as Plaintiff had already received that pay and would not have been paid for the active duty training; however, Plaintiff was entitled to take unpaid vacation leave). As monetary compensation is the only form of recovery available to Greene, Greene, who admits he lost no money as a result of being required to use vacation time to participate in military drills, is entitled to no damages.

This result is in accord with both *Hilliard v. New Jersey Nat'l Guard* and *Romano v. Thunder Projects, Inc.* In *Hilliard,* the plaintiff was entitled to receive pay for the time he spent on reserve training duty, despite having received vacation pay for that time, because New Jersey law, unlike Texas law, required employers to pay employees for up to 90 days of military leave of absence. *Hilliard,* 527 F.Supp. at 410, 412. Presumably, in a state like Texas with no such requirement, the plaintiff would not have been entitled to monetary damages. Similarly, in *Romano,* the plaintiff was not entitled to any monetary damages because he had been paid his vacation pay while on military leave. *Romano,* 696 F.Supp. at 833, 837–38. The fact that the plaintiff in *Romano* had taken a week of unpaid vacation does not make the case's holding inapplicable in this case. This Court has no way of knowing whether Greene would ever have requested vacation leave had his employment with AMD not been terminated or whether, if Greene had requested vacation leave, AMD would have allowed him to take such leave on an unpaid basis as was the case in *Romano.*

### III. CONCLUSION

In accordance with the above opinion, the Court finds Plaintiff James C. Greene has not raised any material issues of fact, and, therefore, GRANTS Defendant Advanced Micro Devices, Inc.'s Motion for Summary Judgment.